

# Fiona Ma, CPA
TREASURER
STATE OF CALIFORNIA

March 8, 2019

The Honorable Gavin Newsom
Governor
State Capitol
Sacramento, CA 95814

> RE: **Providing Relief to Third-Party Sellers Who Utilize Online Retail Platforms from Unlawful and Unconstitutional Actions by the California Department of Tax and Fee Administration**

Dear Governor Newsom:

I want to bring to your attention actions by the California Department of Tax and Fee Administration (CDTFA) against third-party sellers that utilize online retail platforms that are unlawful, unconstitutional and impractical. I write this letter to you in an effort to protect small businesses, both within California and worldwide, from the cost and compliance burdens related to taxes that they are neither well-positioned to collect nor legally responsible for under California law[1].

As a matter of sound policy and consistency, I urge you to ensure that third-party sellers whose goods are sold via online retail platforms — many of whom are women and minority-owned businesses — are not subject to sales tax, either prospectively <u>or retroactively</u>. It makes no sense to expose these small businesses to the risk of actions by CDTFA, as they are not the ones responsible for uncollected sales tax under state law, nor is it constitutionally permissible to impose such burdens on these businesses.

Therefore, I respectfully request you direct CDTFA to cease this activity through the issuance of a CDTFA Special Notice and through the promulgation of an article in CDTFA's quarterly Tax Information Bulletin, both of which may be specifically transmitted to the affected third-party sellers, as well as the general public.

Your ability to do so is plain and unmistakable. Under Article V, Section 1 of the California Constitution, "The supreme executive power of this State is vested in the Governor. The Governor shall see that the law is faithfully executed." Government Code Section 12010

---

[1] Cal. Code Regs., tit. 18, § 1569 provides: "A person who has possession of property owned by another, and also the power to cause title to that property to be transferred to a third person without any further action on the part of its owner, and who exercises such power, is a retailer when the party to whom title is transferred is a consumer. Tax applies to his gross receipts from such a sale."

915 Capitol Mall, Suite 110, Sacramento, CA 95814 ♦ (916) 653-2995 ♦ Fax: (916) 653-3125
300 S. Spring Street, Suite 8500, Los Angeles, CA 90013 ♦ (213) 620-4467 ♦ Fax: (213) 620-6309
www.treasurer.ca.gov



TRO/PI Ex. 1

specifically provides: "The Governor shall supervise the official conduct of all executive and ministerial officers." As you know, the CDTFA answers to you directly through the California Government Operations Agency. Your authority to intervene is clear.

**Background**

There are millions of third-party sellers who use online retail platforms, such as Fulfillment by Amazon (FBA), allowing their goods to be sold online. Through this innovative approach, online retail platforms have opened their retail marketplace websites to anyone in the world willing to take a chance in business.

However, online retail platform providers typically do not allow these third-party sellers to retain customer information, engage in direct marketing, resolving customer service disputes or dictate return policies. These online retail platforms dictate these terms by contract. These online retail platforms typically also handle the storage, packaging, payment processing, logistics, and delivery of the products. By doing so, they step into the shoes of the third-party seller in every meaningful respect—including, as relevant to this discussion, the exclusive ability to collect and remit sales tax. The third-party sellers lack fundamental privity of contract with their supposed retail customers, as the customers are bound by the online retail platform's contractual terms and conditions, not the third-party seller's.

Despite the online retail platform's level of control over third-party seller transactions, CDTFA claims that third-party sellers, not the online retail platforms, are retailers under state law, and therefore have nexus because goods were stored in warehouses in this state. However, this argument fails (to hold) because the inventory was directed to California by the online retail platform, not the third-party seller. The third-party sellers were often never even told that their goods would end up in California, and even if they were told, the shifting of goods to various warehouses was solely at the online retail platform's discretion, not the third-party seller's. The fact that the online retail platform's terms and conditions dictated that legal title was retained by the third-party seller is factually misleading because these online retail platforms retain substantial constructive ownership rights, such as the ability to seize and even destroy inventory without a judgement or lien from a court.

Further, the Supreme Court has addressed the issue of consigned inventory being placed in a state by another party, saying that the lack of purposeful availment, and the mere placement of goods into the stream of commerce does not establish nexus under the Due Process clause. This overrides any argument that physical presence creates nexus, as both Commerce Clause nexus and Due Process clause nexus are required to establish nexus, as reinforced in Wayfair,[2] and

---

2 The principal inquiry in cases of this sort is whether the defendant's activities manifest an intention to submit to the power of a sovereign. In other words, the defendant must "purposefully avai[l] it-self of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." As a result, any property that Amazon moves into California is done so at Amazon's direction, especially when Amazon didn't even tell them, doesn't amount to due process nexus... J. McIntyre Mach. v. Nicastro, 564 U.S. 873 (2011).

"It must be remembered, however, that although this case and Asahi both involve foreign manufacturers, the undesirable consequences of Justice Brennan's approach are no less significant for domestic producers. The owner of a small Florida farm might sell crops to a large nearby distributor, for example, who might then distribute them to grocers across the country... [T]he farmer could be sued in Alaska or any number of other States' courts without ever leaving town." Id.

2

Wayfair did not address Due Process clause nexus in any meaningful way, as the physical presence test was purely a construct of the Commerce Clause.

For example, when a consignee sells a good that has been consigned to it for sale, the consignee is obligated to collect the sales tax, not the consignor. Online retail platforms that offer fulfillment services operate in the same way, and therefore are considered to be a consignee under California law. This is supported by Cal. Code Regs., tit. 18, § 1569. Adopted in 1933 and amended in 1969, it states:

> "A person who has possession of property owned by another, and also the power to cause title to that property to be transferred to a third person without any further action on the part of its owner, and who exercises such power, is a retailer when the party to whom title is transferred is a consumer. Tax applies to his gross receipts from such a sale."

With the enactment of AB 102 [Ch. Stat. 2017] all lawful rules and regulations established by the BOE were continued in force to CDTFA.

Furthermore, the fact that third-party sellers that utilize an online retail platform's fulfilment program did not direct their warehousing activity to the state, limits the state's ability to hold them accountable for taxes, since the online retail platform directed their goods to California, not the third-party sellers.

**Action by CDTFA Against Third-Part Sellers**

I believe CDTFA is ignoring the plain reading of California law. Instead, they are pursuing these small businesses with threats of audit, claiming they owe eight years of back taxes, and even going so far as threatening felony prosecution and imprisonment.

The below is a description of a sample of emails and letters sent by CDTFA to third-party sellers:

• In March of 2018, CDTFA Tax Technician, Lelania Fowler informed third-party sellers via email that if they choose not to voluntarily comply to obtain a sellers permit that some of the possible outcomes is "any person who violates this part with intent to defeat or evade the reporting, assessment, or payment of a tax or an amount due required by law to be made is guilty of a felony" [Emphasis added]. Ms. Fowler went on to say "Each offense shall be punished by a fine of not less than five thousand dollars ($5,000) and not more than twenty thousand dollars ($20,000) or imprisonment for 16 months, two years, or three years, or both" [Emphasis added]

---

Respondent has not established that J. McIntyre engaged in conduct purposefully directed at New Jersey. Recall that respondent's claim of jurisdiction centers on three facts: The distributor agreed to sell J. McIntyre's machines in the United States; J. McIntyre officials attended trade shows in several States but not in New Jersey; and up to four machines ended up in New Jersey. The British manufacturer had no office in New Jersey; it neither paid taxes nor owned property there; and it neither advertised in, nor sent any employees to, the State. Indeed, after discovery the trial court found that the "defendant does not have a single contact with New Jersey short of the machine in question ending up in this state." App. to Pet. for Cert. 130a. These facts may reveal an intent to serve the U. S. market, but they do not show that J. McIntyre purposefully availed itself of the New Jersey market.

3

- In September of 2018, CDTFA Business Tax Representative Nicole Campbell sent a letter to a third-party seller stating, "a person who is engaged in business as a seller in this state without a permit is in violation of the law and <u>each officer of a corporation may be guilty of a misdemeanor</u>." [Emphasis added]

- On January 24, 2019, Laine Fong for the CDTFA Out of State Office sent an email to a third-party seller that states "the CDTFA can issue determinations for up to eight years when issuing a Notice of Determination (billing) for an unreported period."

- In February of 2019, CDTFA Tax Technician, Becky Smith, sent a letter to a third-party seller stating that "a person who is engaged in business as a seller in this state without a permit is in violation of the law and <u>each officer of a corporation may be guilty of a misdemeanor</u>." [Emphasis added]

CDTFA's approach is inefficient and ineffective, evidenced by the fact that thirty-eight percent of FBA third-party sellers are located in China, demonstrating the impracticalities of individual seller enforcement. Further, CDTFA's current approach, is unconstitutional considering well-established Supreme Court precedent.[3]

But the real travesty is that these actions by CDTFA, while unlawful, unconstitutional and impractical are also causing many of the third-party sellers to go out of business and into bankruptcy.

Many of these third-party sellers are beyond the reach of the State of California. In many cases those that are within the reach of CDTFA will go bankrupt if forced to pay back sales taxes. I recently received a letter from and spoke with Mindy Wright, a third-party seller who lives in Washington State. On January 24, 2019, Mindy wrote a letter to me that said:

> "Recently in last December we received a letter from California's CDTFA asking us to comply with their tax rules and we did. After signing up with California business license department we are now collecting and remitting sale tax starting 1-1-2019. We did not realize that the CDTFA would go after us for the uncollected sales tax and income tax up to 8 years. Now we are facing tens of thousands of dollars in back taxes, penalties and interest. This alone will force us out of business and into bankruptcy. We just do not make much money and we are distraught and frightened."

A copy of her letter is attached. Mindy Wright is not alone. I have received countless such letters and have spoken with many third-party sellers who are in similar situations.

---

[3] In Pike v. Bruce Church, Inc., 397 U.S. 137 (1970), the Supreme Court in establishing a balancing test where state's local interests are weighed against the burden on interstate commerce held that, "where the statute regulates evenhandedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits. Huron Cement Co. v. Detroit, 362 U. S. 440, 362 U. S. 443. If a legitimate local purpose is found, then the question becomes one of degree. And the extent of the burden that will be tolerated will, of course, depend on the nature of the local interest involved, and on whether it could be promoted as well with a lesser impact on interstate activities." In this case the nature of the impact is the biggest burden on interstate commerce and the lesser impact, which is also substantially more efficient and effective for states that wish to achieve their local interest is marketplace collection, a remedy that the state could have exhausted prior to Wayfair.

The CDTFA's current treatment of small third-party sellers is not only wrong, it has the effect of unduly impacting minority and women owned small businesses. As Congresswoman Robin Kelly (D-IL), Co-Chair of the Diversifying Tech Caucus said, "We're in the middle of a black entrepreneurship renaissance fueled by the internet and ecommerce."[4] We have an obligation to protect small online businesses and to ensure they are not crushed by a wrong-headed and retroactive administration of the state's tax law.

Putting an unbearable tax burden on many small kitchen-table enterprises trying to make a living on these online retail platforms simply does not make sense, and it is not consistent with our state laws, public policies, or our values.

**Action by the Governor is Needed**

As a former Member of the FTB Board and a former Member/Chair of the State Board of Equalization, I know that it is important to the integrity of the tax system that when an error by the state is identified, it should be corrected. I, therefore, urge your action to spare those who will lose their business if they have to comply with CDTFA's demands. Let's continue to lead the way for entrepreneurs everywhere by setting a tone of appreciation for our nation's newest crop of entrepreneurs. We can do this by making it clear that no third-party seller can be accountable for sales tax, going forward <u>or back</u>, as a result of selling goods on an online retail platform.

Thank you for your attention to this important matter.

**In Peace & Friendship,**

FIONA MA, CPA
California State Treasurer

cc: Members, California State Assembly
Members, California State Senate
Ana Matosantos, Cabinet Secretary, Office of the Governor
Anthony Williams, Legislative Affairs Secretary, Office of the Governor
Che Salinas, Chief Deputy Legislative Secretary for Operations
Marybel Batjer, Secretary, Government Operations Agency
Nick Maduros, Director, California Department of Tax and Fee Administration

---

[4] https://blog.aboutamazon.com/working-at-amazon/in-celebration-of-black-history-month-amazon-hosts-minority-owned-small-business-discussion-on-capitol-hill