IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

**ISABEL RUBINAS, and IJR CORP.,**

                Plaintiffs,

    v.

**NICOLAS MADUROS, DIRECTOR,
CALIFORNIA DEPARTMENT OF
TAX & FEE ADMINISTRATION ,**

                Defendant.

Case No. 1:21-cv-00096

Hon. Edmond E. Chang

**DEFENDANT'S OPPOSITION TO MOTION FOR A
TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION**

**TABLE OF CONTENTS**

                                                         **Page**

Introduction ........................................................................................................................ 1

Background ....................................................................................................................... 2

Legal Standard .................................................................................................................. 3

Argument .......................................................................................................................... 4

      I.      Plaintiffs Cannot Prevail on the Merits ....................................................... 4

            A.      The Tax Injunction Act Divests This Court of Subject-Matter Jurisdiction ........................................................................ 4

            B.      The Principle of Comity Divests This Court of Subject-Matter Jurisdiction ........................................................................ 7

            C.      Plaintiffs' Claims Are Barred by Sovereign Immunity ................. 8

            D.      The Department's Assessment of Taxes Based on IJR's Tax Returns Operates Like a Final Judgment That Cannot Be Contested in this Court .............................................................. 9

            E.      Rubinas Lacks Standing ............................................................... 10

      II.     There Is No Risk of Irreparable Harm Because Plaintiffs Have an Adequate Remedy in California ................................................................ 10

      III.    The Balancing Test Weighs Against a Temporary Restraining Order or Preliminary Injunction ................................................................ 11

      IV.    Plaintiffs Failed to Adequately Meet and Confer .................................... 12

Conclusion ...................................................................................................................... 13

## TABLE OF AUTHORITIES

Page

**CASES**

*Abuzaid v. Mattox*
　726 F.3d 311 (2nd Cir. 2013)..................................................................................4

*Barclays Bank In'l Ltd. v. Franchise Tax Bd.*
　14 Cal.Rptr.2d 537 (1992) ......................................................................................6

*Bull v. United States*
　295 U.S. 247 (1935).........................................................................................10, 11

*California v. Grace Brethren Church*
　457 U.S. 393 (1982)..........................................................................................5, 12

*Capitol Indus.-EMI, Inc. v. Bennett*
　681 F.2d 1107 (9th Cir. 1982) ................................................................................6

*City of Los Angeles v. Lyons*
　461 U.S. 95 (1983)..................................................................................................4

*Cosgriff v. Cty. of Winnebago*
　876 F.3d 912 (7th Cir. 2017) ..................................................................................8

*Crawford & Co. Med. Ben. Tr. v. Repp*
　No. 11 C 50155, 2011 WL 2531844 (N.D. Ill. June 24, 2011) ..............................4

*Duffy v. State Bd. of Equalization*
　199 Cal.Rptr. 886 (1984) ........................................................................................6

*Ex parte Young*
　209 U.S. 123 (1908)................................................................................................8

*Fair Assessment in Real Estate Ass'n, Inc. v. McNary*
　454 U.S. 100 (1981)...........................................................................................7, 11

*Fla. Dep't of State v. Treasure Salvors, Inc.*
　458 U.S. 670 (1982)................................................................................................9

*Franchise Tax Bd. of Cal. v. U.S. Postal Serv.*
　467 U.S. 512 (1984).....................................................................................9, 10, 11

*Franchise Tax Bd. v. Alcan Aluminum*
　493 U.S. 331 (1989)................................................................................................6

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Girl Scouts of Manitou Council v. Girl Scouts of USA*
   549 F.3d 1079 (7th Cir. 2008) ...............................................................3, 4, 10

*Hibbs v. Winn*
   542 U.S. 88 (2004) .............................................................................................6

*Jerron West, Inc. v. State of Cal. State Bd. of Equalization*
   129 F.3d 1334, 1339 (9th Cir. 1997) ..............................................................6, 7

*Jimmy Swaggart Ministries v. Bd. of Equalization*
   250 Cal.Rptr. 891 (1988) ....................................................................................6

*Johnson v. Illinois Court of Claims*
   No. 15 C 03096, 2015 WL 13047930 (N.D. Ill. Apr. 15, 2015) ........................4

*Levin v. Commerce Energy, Inc.*
   560 U.S. 413 (2010) ..............................................................................7, 8, 11

*Matthews v. Rodgers*
   284 U.S. 521 (1932) .........................................................................................11

*Mercedes–Benz of N. America, Inc. v. State Bd. of Equalization*
   127 Cal.App.3d 871 (1982) ................................................................................6

*Moe v. Confederated Salish & Kootenai Tribes*
   425 U.S. 463 (1976) ...........................................................................................5

*MSA Realty Corp. v. State of Ill.*
   990 F.2d 288 (7th Cir. 1993) ..........................................................................8, 9

*O'Shea v. Littleton*
   414 U.S. 488 (1974) ...........................................................................................4

*Online Merchants Guild v. Maduros*
   No. 20-1952 (E.D. Cal.) ...................................................................................12

*Palisi v. Comm'r of Internal Revenue*
   No. 3384-15S, 2017 WL 2294635 (T.C. May 24, 2017) ..................................9

*Pennhurst State Sch. & Hosp. v. Halderman*
   465 U.S. 89 (1984) .............................................................................................8

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Perez v. Ledesma*
 401 U.S. 82 (1971) ................................................................................................... 4

*Rawoof v. Texor Petroleum Co., Inc.*
 521 F.3d 750 (7th Cir. 2008) .................................................................................. 10

*Rosewell v. La Salle Nat'l Bank*
 450 U.S. 503 (1981) ............................................................................................ 5, 6

*Scott Air Force Base Props., LLC v. Cty. of St. Clair, Ill.*
 548 F.3d 516 (7th Cir. 2008) .................................................................................... 5

*Tully v. Griffin, Inc.*
 429 U.S. 68 (1976) ................................................................................................... 5

*United Gas Pipe Line Co. v. Whitman*
 595 F.2d 323 (5th Cir. 1979) .................................................................................... 5

*Wood v. Sargeant*
 694 F.2d 1159 (9th Cir. 1982) .................................................................................. 7

**STATUTES**

28 U.S.C. § 1341 ............................................................................................................ 5, 7

42 U.S.C. § 1983 ................................................................................................................ 8

Cal. Rev. & Tax. Code
 § 6481 ....................................................................................................................... 9
 § 6902 .................................................................................................................. 5, 6
 § 6904 ....................................................................................................................... 6
 § 6931-6933 ............................................................................................................. 5
 §§ 6932-6934 ........................................................................................................... 7
 § 6937 ..................................................................................................................... 10
 § 7101 ....................................................................................................................... 9

# TABLE OF AUTHORITIES
# (continued)

**Page**

**COURT RULES**

Federal Rule of Civil Procedure 65 ....................................................................................3

**REGULATIONS**

Cal. Code Regs. Title 18, §§ 35000-35067........................................................................5

## INTRODUCTION

Plaintiff IJR, Corp. submitted tax returns stating that it owed $7,251.00 in sales and use taxes to the state of California. IJR did not, however, pay the tax. Employees of the California Department of Tax and Fee Administration (the Department) attempted to arrange for IJR to voluntarily pay the tax liability via at least 7 formal notices, 19 email messages, 10 telephone calls, and 10 voicemail messages. Department employees offered to enroll IJR in a payment plan and to waive some of the fees, penalties, and interest that had accrued. After months of fruitless efforts, the Department levied $2,367.56 from IJR's bank account.[1]

California law provides a procedure to challenge a levy to a bank account and request the return of funds, just as it has procedures for amending tax returns, challenging tax assessments, and seeking tax refunds. Rather than follow any of those procedures, plaintiffs filed a complaint and a motion for a temporary restraining order and preliminary injunction in this Court. Plaintiffs demand, on an emergency basis, that this Court order California to return the $2,367.56 it levied from IJR's bank account and refrain from collecting any of the rest of IJR's admitted tax debt.

This Court lacks subject-matter jurisdiction based on the Tax Injunction Act and the principle of comity, each of which precludes interference with the administration of state taxes. Plaintiffs are barred from the relief they seek by California's sovereign immunity. This action is an improper collateral attack on a final tax assessment that has the force of a judgment. The alleged harm to plaintiffs is not "irreparable" because IJR can seek to recover the levied funds in tax refund proceedings in California. The alleged harm to plaintiffs is far less than the injury that would be caused to California's sovereignty and to the delicate balance of federalism if private parties were permitted to challenge state tax collection procedures in federal court.

Defendant Nicolas Maduros, the Director of the Department, respectfully requests that this Court deny plaintiffs' motion in its entirety.

---

[1] *See* Declaration of Shannon Hale, ¶¶ 4-12.

## BACKGROUND

IJR does business as Lollipop Seeds, an online business that offers children's clothing. (Docket No. 6-2 at ¶ 2.) The vast majority of IJR's sales occur on Amazon.com. (*Id.*) IJR participates in the Fulfilled by Amazon (FBA) program. (*Id.*) As part of that program, IJR ships goods to Amazon warehouses—most frequently to a facility in Cicero, Illinois, but sometimes to Amazon facilities in other states, including California. (Id. at ¶ 3.) Amazon distributes IJR's goods around the country, including California, where they are stored by Amazon until they are purchased. (*Id.*) This arrangement allows Amazon to deliver IJR's products and the products of other FBA merchants very quickly once they are purchased on Amazon.com.[2]

In February 2019, the Department informed IJR that because IJR had inventory stored in Amazon warehouses in California for sale to California residents, IJR was required to register with the Department and file sales and use tax returns. (Declaration of Shannon Hale [Hale Decl.] ¶ 2.) Over the following 11 months, Department employee Shannon Hale communicated numerous times with plaintiff Isabel Rubinas, who operates IJR, and with IJR's accountant, advising them on how to register and submit tax returns relating to IJR's California sales. (*Id.* ¶¶ 3-6.) In January 2020, IJR's accountant submitted tax returns for the 2017 and 2018 tax years. (*Id.* ¶¶ 5-6.) The tax returns, which include the statement "I declare that all the information I provided for this e-file return/report has been examined by me and to the best of my knowledge and belief is true, correct, and complete," state that IJR owed a combined $7,251.00 in tax liability for the two tax years. (*Id.*)

Plaintiff Rubinas informed Hale in early 2020 that IJR was unable to pay the tax debt. (Hale Decl. ¶ 7.) Hale described the Department's payment plan program, and Rubinas expressed

---

[2] *See* Kunal Chopra, *How Amazon FBA Sellers Identify and Create Reimbursement Cases*, Forbes (Jan. 7, 2021), https://www.forbes.com/sites/forbestechcouncil/2021/01/07/how-amazon-fba-sellers-can-identify-and-create-reimbursement-cases/?sh=2426c9b41926 ("FBA is incredibly popular among [third-party sellers], with about 73% of the top U.S. Amazon sellers using FBA in December 2018. Using FBA enables sellers to offer fast Prime shipping to Amazon shoppers and offloads the burden of fulfillment from them. It's hugely convenient for sellers and consumers alike.").

interest. (*Id.*) Throughout 2020, Hale communicated numerous times with Rubinas about enrolling in a payment plan. (*Id.* ¶¶ 7-10.) Rubinas repeatedly expressed interest, but she never committed to a payment plan. (*Id.*) On December 1, 2020, Hale left a voice message advising that IJR needed to enroll in a payment plan by December 4, 2020, or the Department would proceed with further collection mechanisms. (*Id.* ¶ 9.) On December 8, 2020, the Department levied a bank account owned by IJR and captured $2,367.56. (*Id.* ¶ 12.)

When the Department levies funds from a bank, it does not immediately apply them to the payer's account because the funds could be returned to the bank account. (Hale Decl. ¶ 12.) For example, the accountholder has the opportunity to request a hardship hearing or otherwise challenge the levy. (*Id.*; Department Publication No. 54, "Collection Procedures," available at https://www.cdtfa.ca.gov/formspubs/pub54.pdf.) Department employees contacted IJR after the levy, but IJR did not claim hardship with the Department or otherwise contend that the levy was in error. (Hale Decl. ¶¶ 13-15.) On January 7, 2021, the Department applied the levy payment to IJR's account. (*Id.* ¶ 15.)

Plaintiffs filed the complaint in this action on January 7, 2021, and filed their motion for a temporary restraining order and a preliminary injunction on January 8, 2021. (Docket Nos. 1 and 5.) Plaintiffs seek to enjoin the Department from seizing any more of their property and for this Court to order the Department to return the $2,367.56 it levied from IJR's bank account. (Docket No. 6 at p. 15.)

The Department has no immediate plans to levy any further funds from any bank account owned by IJR. (Hale Decl. ¶ 15.)

## LEGAL STANDARD

To obtain a temporary restraining order or preliminary injunction, the plaintiff must first show that it will suffer immediate irreparable harm, has no adequate remedy at law, and its claims have a likelihood of success. Fed. R. Civ. P. 65(b)(1)(A); *Girl Scouts of Manitou Council v. Girl Scouts of USA*, 549 F.3d 1079, 1086-87 (7th Cir. 2008) (preliminary injunction factors);

*Crawford & Co. Med. Ben. Tr. v. Repp*, No. 11 C 50155, 2011 WL 2531844, at *1 (N.D. Ill. June 24, 2011) (standard for temporary restraining order is the same as for a preliminary injunction). If the plaintiff fails to establish any of the three threshold factors, the court must deny the temporary restraining order. *Crawford*, 2011 WL 2531844, at *1. If the plaintiff satisfies all three threshold factors, then the Court must move on to the second step and balance, on a sliding scale, the nature and degree of the plaintiff's injury, the likelihood of prevailing, the possible injury to the defendants if the temporary restraining order or preliminary injunction is granted, and the public interest. *Girl Scouts of Manitou Council*, 549 F.3d at pp. 1086-1087.

Plaintiffs bear an additional burden in this case because they seek to enjoin officers of the state of California who are engaged in the administration of state law. *City of Los Angeles v. Lyons*, 461 U.S. 95, 112 (1983); *O'Shea v. Littleton*, 414 U.S. 488, 499 (1974). Federalism principles counsel against granting a temporary restraining order or preliminary injunction that would disrupt the operation of state law where there is no showing of bad faith. *Johnson v. Illinois Court of Claims*, No. 15 C 03096, 2015 WL 13047930, at *1 (N.D. Ill. Apr. 15, 2015); *see also Perez v. Ledesma*, 401 U.S. 82, 85 (1971) (federal injunctive relief against state criminal prosecutions permissible only in extraordinary circumstances such as prosecutions undertaken in bad faith without hope of obtaining a valid conviction); *Abuzaid v. Mattox*, 726 F.3d 311 (2nd Cir. 2013) (improper to intervene in ongoing state tax penalty proceedings where plaintiffs did not allege bad faith or harassment).

## ARGUMENT

I. **PLAINTIFFS CANNOT PREVAIL ON THE MERITS**

    A. **The Tax Injunction Act Divests This Court of Subject-Matter Jurisdiction**

The Tax Injunction Act divests the district courts of subject-matter jurisdiction over any action that threatens to interfere with the assessment or collection of state taxes, unless plaintiffs are without a plain, speedy, and efficient remedy in the state courts:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341.

The Tax Injunction Act is intended as "a broad jurisdictional impediment to federal court interference with the administration of state tax systems." *United Gas Pipe Line Co. v. Whitman*, 595 F.2d 323, 325-326 (5th Cir. 1979) (*quoting Moe v. Confederated Salish & Kootenai Tribes*, 425 U.S. 463, 470 (1976)). The act "has its roots in equity practice, in principles of federalism, and in recognition of the imperative need of a State to administer its own fiscal operations." *Tully v. Griffin, Inc.*, 429 U.S. 68, 73 (1976). "Congress' intent in enacting the Tax Injunction Act was to prevent federal-court interference with the assessment and collection of state taxes." *California v. Grace Brethren Church*, 457 U.S. 393, 411 (1982). The Tax Injunction Act bars all challenges to the assessment, levy, or collection of state taxes under state or federal law, including challenges based on the United States Constitution. *Scott Air Force Base Props., LLC v. Cty. of St. Clair, Ill.*, 548 F.3d 516, 520 (7th Cir. 2008).

The only question of fact this court must consider is whether "a plain, speedy and efficient remedy may be had in the courts of" California. 28 U.S.C. § 1341. The exception for states that lack a plain, speedy, and efficient remedy must be construed narrowly. *California v. Grace Brethren Church*, 457 U.S. at 413; *Scott Air Force Base Props.*, 548 F.3d at 521. The Tax Injunction Act only requires that the state court remedy meet certain "minimal procedural criteria" and not any specific substantive requirements. *Rosewell v. La Salle Nat'l Bank,* 450 U.S. 503, 512-513 (1981). A state remedy is sufficient if it provides the opportunity for a full hearing and judicial determination at which any constitutional objections to the tax may be raised. *Id*. at 514. Plaintiffs bear the burden of demonstrating the insufficiency of a state's remedy. *Scott Air Force Base Props.*, 548 F.3d at 521.

California offers a plain, speedy, and efficient remedy: a taxpayer refund suit filed in one of the California superior courts, following payment of the assessed tax and exhaustion of administrative remedies. Cal. Rev. & Tax. Code §§ 6902, 6931-6933; Cal. Code Regs. tit. 18,

5

§§ 35000-35067. The United States Supreme Court and the Ninth Circuit have concluded that California's taxpayer refund remedy "is generally a 'plain, speedy and efficient' remedy under" the Tax Injunction Act. *Jerron West, Inc. v. State of Cal. State Bd. of Equalization*, 129 F.3d 1334, 1339 (9th Cir. 1997) (discussing sales tax refund procedures) (citing *Franchise Tax Bd. v. Alcan Aluminum*, 493 U.S. 331, 338 (1989) [discussing income tax refund procedures] and *Capitol Indus.-EMI, Inc. v. Bennett*, 681 F.2d 1107, 1113-14 (9th Cir. 1982) [discussing income tax refund procedures].) The courts have specifically approved of California's policy of requiring taxpayers to first pay the tax, and then seek a refund. *Jerron West*, 129 F.3d at 1339; *see also Hibbs v. Winn*, 542 U.S. 88, 103, 107-108 (2004) (Congress intended post-payment refund suits to satisfy the Tax Injunction Act's plain, speedy, and efficient remedy requirement); *Rosewell*, 450 U.S. at 523 (same). In a refund action, a California superior court "can review taxpayers' arguments and evidence regarding the allegedly unconstitutional and erroneous tax assessment." *Jerron West*, 129 F.3d at 1339-1340.[3]

Plaintiffs contend—incorrectly and without any support—that California's tax refund procedure "takes years and hundreds of thousands in attorney's fees." (Docket No. 6 at p. 9.) In fact, IJR could pay its remaining $7,880.94 liability and immediately file an administrative claim for refund with the Department. Cal. Rev. & Tax. Code § 6902. The requirements are not onerous: the refund claim must only "be in writing" and "state the specific grounds upon which the claim is founded." Cal. Rev. & Tax. Code § 6904.[4] A refund suit in a California superior court may be filed as soon as the Department makes a determination, or six months after the

---

[3] *Jerron West* cites three examples of California state court decisions that addressed issues arising from the United States Constitution: *Barclays Bank Int'l Ltd. v. Franchise Tax Bd.*, 14 Cal.Rptr.2d 537, 540, 10 Cal.App.4th 1742, 1749 (1992); *Jimmy Swaggart Ministries v. Bd. of Equalization*, 250 Cal.Rptr. 891, 906, 204 Cal.App.3d 1269, 1291 (1988); and *Duffy v. State Bd. of Equalization*, 199 Cal.Rptr. 886, 889, 152 Cal.App.3d 1156, 1163 (1984). In addition, in *Alcan Aluminum*, the Supreme Court recognized that the courts of California are equipped to address constitutional issues. 493 U.S. 340-341 (citing *Mercedes–Benz of N. America, Inc. v. State Bd. of Equalization*, 127 Cal.App.3d 871, 874 (1982), as an example of a California court resolving an issue arising from the United States Constitution).

[4] See Department Publication 117, "Filing a Claim for Refund," available at https://www.cdtfa.ca.gov/formspubs/pub117/.

administrative claim for refund was filed if the Department has not acted on the claim. Cal. Rev. & Tax. Code §§ 6932-6934. Taxpayers sometimes engage in protracted and expensive litigation, depending on the nature of the issues that are at stake, but there is no reason why a routine administrative claim for refund and judicial refund suit in California must take an extended period of time or cost large amounts of money. *Jerron West*, which like this case involved the California sales and use tax, is dispositive: California's tax refund procedures are "plain, speedy, and efficient." 129 F.3d at 1339-1340.

Plaintiffs contend that they cannot afford to pay the remaining $7,880.94 in tax IJR owes, but "inability to pay the tax does not avoid the jurisdictional bar of [28 U.S.C.] § 1341." *Wood v. Sargeant*, 694 F.2d 1159 (9th Cir. 1982). The right way—and only way—for plaintiffs' claims to be adjudicated is through a taxpayer refund action in a California state court.

### B. The Principle of Comity Divests This Court of Subject-Matter Jurisdiction

This Court lacks subject-matter jurisdiction for a second reason: the principle of comity. Congress enacted the Tax Injunction Act based on considerations of comity, *Jerron West*, 129 F.3d at 1338, but the principle of comity is older and broader, *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 417, 425-426 (2010). It bars actions in federal courts when those actions would risk disrupting the administration of a state's tax system in general—such claims must "proceed originally in state court." *Id.* at 417. "More embracive than the [Tax Injunction Act], the comity doctrine applicable in state taxation cases restrains federal courts from entertaining claims for relief that risk disrupting state tax administration." *Id*. The principle of comity preserves "the delicate balance between the federal authority and state governments, and the concomitant respect that should be accorded state tax laws in federal court." *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 108 (1981). A federal court policy allowing injunctions that prevent the Department from levying taxes or require the Department to return levied funds would substantially intrude upon and disrupt California's enforcement of its tax system.

The principle of comity applies whenever a state offers a plain, adequate, and complete remedy. *Cosgriff v. Cty. of Winnebago*, 876 F.3d 912, 915 (7th Cir. 2017). Where the state does offer such a remedy, the principle of comity bars constitutional claims including those brought under 42 U.S.C. § 1983. *Id.* California's tax challenge procedures satisfy the "plain, adequate, and complete" test for the same reasons they satisfy the "plain, speedy, and efficient" test, as discussed in section I.A above.

Comity applies whether the person challenging the state tax contends they have been required to pay too much or that someone else has been required to pay too little. *Levin,* 560 U.S. at 425-426. Plaintiffs contend that (i) IJR should not be required to pay California sales and use tax, and (ii) Amazon should instead have been responsible for collecting and remitting the tax on the sales of IJR's goods via Amazon.com. *Levin* makes clear that both contentions fall squarely within the bounds of the principle of comity, and this case is therefore barred.

Comity is a mandatory doctrine that "precludes the exercise of original federal-court jurisdiction." *Levin*, 560 U.S. at 426. It differs from the Tax Injunction Act in that it is a "prudential doctrine" that a state could waive by voluntarily choosing to submit to a federal forum. *Id.* at 432. However, California has not voluntarily submitted adjudication of its sales and use tax to the federal courts. This Court therefore lacks jurisdiction.

    C.    **Plaintiffs' Claims Are Barred by Sovereign Immunity**

Sovereign immunity prohibits private citizens from suing the state of California or the Department directly because California has not consented and no federal statute unequivocally abrogates California's immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). Individual state officials may in some circumstances be sued in their official capacities for injunctive relief to prevent continuing violations of federal law, but not for money damages or other retrospective relief. *MSA Realty Corp. v. State of Ill.*, 990 F.2d 288, 291 (7th Cir. 1993) (discussing *Ex parte Young*, 209 U.S. 123 (1908)).

8

Plaintiffs demand the return of the $2,367.56 the Department levied from IJR's bank account. That money has been conveyed to the California State Treasury. Cal. Rev. & Tax. Code § 7101. This Court cannot require California to make a payment from the California State Treasury. *Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 689-690 (1982); *MSA Realty*, 990 F.2d at 292-293.

> **D.  The Department's Assessment of Taxes Based on IJR's Tax Returns Operates Like a Final Judgment That Cannot Be Contested in this Court**

IJR submitted sales and use tax returns to the Department in which it admitted the tax liability at issue in this case. (Hale Decl. ¶¶ 5-6.) Those returns were submitted by IJR's accountant, who was a duly authorized agent. (*Id.*) Statements made in a tax return are binding admissions, absent cogent evidence indicating they are wrong. *Palisi v. Comm'r of Internal Revenue*, No. 3384-15S, 2017 WL 2294635, at *4 (T.C. May 24, 2017).

The Department assessed sales and use tax against IJR based on those returns. "[A] California tax assessment, like a federal tax assessment, operates in a way that is functionally indistinguishable from the judgment of a court of law; it creates an absolute legal obligation to make payment by a date certain." *Franchise Tax Bd. of Cal. v. U.S. Postal Serv.*, 467 U.S. 512, 523 (1984). Plaintiffs "may no more dispute this liability than the liability under any other judgment." *Id.*

IJR had, and continues to have, options to contest its tax liability in California. It could pay the outstanding tax liability and file a claim for refund, as discussed in section I.A above. Alternatively, if IJR contends that its tax returns do not accurately state its tax liability, it might be able to file amended returns that restate its tax liability. The Department would then have the opportunity to review the amended returns and issue deficiency determinations. Cal. Rev. & Tax. Code § 6481.

This Court, however, should treat IJR's admissions about its tax liability in the tax returns as firmly established, and the Department's tax assessment the same way it would treat any other final judgment. "The assessment is given the force of a judgment, and if the amount assessed is

9

not paid when due, administrative officials may seize the debtor's property to satisfy the debt." *Franchise Tax Bd. of Cal. v. U.S. Postal Serv.*, 467 U.S. at 523, quoting *Bull v. United States*, 295 U.S. 247, 259-260 (1935).

### E. Rubinas Lacks Standing

IJR is an Illinois corporation. (Declaration of Michael Sapoznikow, Ex. 1.) Rubinas "owns" IJR—in other words, she is a shareholder. (Docket No. 6-2 at ¶ 2.) A shareholder generally lacks standing to sue for harm suffered as a result of an injury to the corporation. *Rawoof v. Texor Petroleum Co., Inc.*, 521 F.3d 750, 757 (7th Cir. 2008); Cal. Rev. & Tax. Code § 6937 (Challenge to California sales and use tax must be brought by the person who paid the tax.). Rubinas has not alleged any facts that would establish standing in her own right to challenge the assessment, levy, or collection of taxes owed by IJR, or that any of the exceptions identified in *Rawoof* may apply.

## II. THERE IS NO RISK OF IRREPARABLE HARM BECAUSE PLAINTIFFS HAVE AN ADEQUATE REMEDY IN CALIFORNIA

The potential harm to plaintiffs is not irreparable because IJR could recover the $2,367.56 that the Department levied from IJR's bank account by filing a meritorious administrative claim for refund, and, if necessary, a suit for refund in California. Those proceedings constitute "adequate" potential remedies for the reasons explained above in section I.A. Moreover, the Department has no immediate plans to levy any more funds from IJR. (Hale Decl. ¶ 15.) Plaintiffs therefore cannot establish that they will suffer immediate irreparable harm in the absence of a temporary restraining order or preliminary injunction, or that they have no adequate remedy at law. *Girl Scouts of Manitou Council*, 549 F.3d at pp. 1086-87.

Plaintiffs attempt to blame the potential shutdown of the Lollipop Seeds online store on the Department, but Rubinas states in her declaration: "My business was down 75% in 2020 due to the pandemic… [M]y business is operating at a loss." (Docket No. 6-2, ¶ 12.) It is simply not credible that a $2,367.56 bank levy or an outstanding $7,880.94 tax liability is the primary cause of Plaintiffs' financial woes. The Department sympathizes with the difficulties retailers have

faced in the last year, and it has taken affirmative steps to assist retailers, including halting all collections for several months, extending tax return deadlines, stopping the accrual of interest, waiving penalties, and expanding payment plan options. (Hale Decl. ¶ 11; Department's COVID-19 web page, available at https://www.cdtfa.ca.gov/services/covid19.htm.)

IJR could have asked the department to return the levied funds on the grounds that their removal from its bank account constituted a hardship, but it did not do so. (Hale Decl. ¶ 12; Department Publication No. 54, "Collection Procedures," available at https://www.cdtfa.ca.gov/formspubs/pub54.pdf.) This Court should not permit IJR to bypass the proper procedure for requesting relief under California law and simultaneously claim that the harm to them is "irreparable."

Plaintiffs have not acted with the same urgency that they demand from the court. Plaintiffs learned of the bank levy several weeks ago, no later than December 19, 2020 (Docket No. 6-2 at ¶ 9), but now ask the Court to hold an emergency hearing within just a few days.

### III. THE BALANCING TEST WEIGHS AGAINST A TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION

The harms a temporary restraining order or preliminary injunction would cause to the Department, the state of California, and the American public far outweigh any alleged harm to plaintiffs. "[T]axes are the life-blood of government, and their prompt and certain availability an imperious need." *Franchise Tax Bd. of California v. U.S. Postal Serv.*, 467 U.S. at p. 523, quoting *Bull*, 295 U.S. at 259-260. Plaintiffs disregard the delicate balance and respect required to manage authority between co-sovereign federal and state governments. *Fair Assessment*, 454 U.S. at p. 108. Like every other state, California has an important interest in managing its own affairs and in ensuring timely and consistent revenue flows, and the public has an important interest in making sure that its state and local governments are adequately funded. *Levin*, 560 U.S. at 421-422; *Matthews v. Rodgers*, 284 U.S. 521, 525-526 (1932). Those critical state and public interests would be jeopardized by a precedent that allowed anyone who did not want to

pay a state tax to challenge collection efforts such as bank levies long after the tax assessment became final.

Plaintiffs address the balancing factors in a short, dismissive paragraph. (Docket No. 6 at p. 15.) Plaintiffs do not meaningfully address the injuries the proposed temporary restraining order and preliminary injunction would cause to California's sovereignty, or the risk to the orderly operation of government if federal courts began stopping the collection of state taxes—considerations that Congress and the Courts consider to be significant. *E.g.*, *California v. Grace Brethren Church*, 457 U.S. at 407-413 (explaining principles and purpose underlying Tax Injunction Act). Plaintiffs' conclusory statements cannot, and do not, satisfy plaintiffs' burden to demonstrate that the balance of interests weigh in favor of granting the relief they seek.

## IV. PLAINTIFFS FAILED TO ADEQUATELY MEET AND CONFER

Counsel for the parties are well known to each other because they are litigating another matter where many of the same issues have come up: *Online Merchants Guild v. Maduros*, No. 20-1952 (E.D. Cal. filed Sept. 20, 2020). Counsel for plaintiffs emailed defendant's counsel on January 7, 2021, the day plaintiffs filed their complaint and one day before plaintiffs filed their motion, and asked if defendant Maduros would oppose a preliminary injunction motion. (Declaration of Michael Sapoznikow at ¶ 4.) Plaintiffs made no mention of any request for a temporary restraining order. (*Id.*)

Plaintiffs' failure to mention the temporary restraining order caused prejudice to the defendant and this Court. Defendant Maduros might have considered consenting to a temporary restraining order that maintained the status quo, as long as the preliminary injunction hearing were scheduled quickly. Instead, counsel for defendant was forced to rush a response to plaintiffs' motion over a weekend, and resources were drawn away from the very active *Online Merchants Guild* case in the Eastern District of California.

## CONCLUSION

For all of the foregoing reasons, the Court should deny plaintiffs' motion.

Dated: January 11, 2021

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MOLLY K. MOSLEY
Supervising Deputy Attorney General


*/s/ Michael Sapoznikow*
MICHAEL SAPOZNIKOW
GINA TOMASELLI
Deputy Attorneys General
*Attorneys for Defendant Nicolas Maduros, Director, California Department of Tax and Fee Administration*

SA2021300080/34730093.docx