IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

**ISABEL RUBINAS, and IJR CORP.,**

                Plaintiffs,

    **v.**

**NICOLAS MADUROS, DIRECTOR,
CALIFORNIA DEPARTMENT OF
TAX & FEE ADMINISTRATION ,**

                Defendant.

Case No. 1:21-cv-00096

Hon. Edmond E. Chang

**DECLARATION OF SHANNON HALE**

I, Shannon Hale, am competent to state, and declare the following based on my own personal knowledge:

    1.    I am a Business Taxes Representative with the California Department of Tax and Fee Administration (Department). I was hired by the California State Board of Equalization in December 2013. In 2017, the Department was created by the California Legislature, and my unit was transferred from the Board of Equalization to the Department. I am based in Sacramento, where I am part of the Department's Out-of-State Office.

    2.    In December 2018, the Department mailed a notice to IJR, Corp. stating that because IJR had inventory stored in Amazon warehouses in California for sale to California residents, IJR was required to register with the Department and file sales and use tax returns. The notice was returned to the Department by the United States Postal Service because the Department's address of record for IJR was incorrect. On February 14, 2019, the Department

1

emailed a copy of the notice to IJR.

3. Isabel Rubinas operates IJR and is its president and sole corporate officer. She responded to the Department's email on February 20, 2019. She provided an updated address for IJR and inquired about the notice the Department had sent.

4. I was assigned to respond to Ms. Rubinas's inquiry. I emailed her on March 4, 2019, to provide some further information. Since then, my colleague Nicole Campbell and I have engaged in extensive correspondence with IJR, including at least 19 emails (7 from me or Nicole and 12 from Ms. Rubinas or IJR's accountant), 10 phone conversations, and 10 voicemails. During that time, the Department has also issued formal notices to IJR on at least 7 dates.

5. Over the course of our correspondence, I assisted Ms. Rubinas and IJR's accountant with registering with the Department and filing sales and use tax returns. IJR submitted returns in January 2020. The returns reflected a combined $7,251.00 in sales and use tax due to the Department: $2,621 for the 2017 tax year and $4,630 for the 2018 tax year.

6. IJR's tax returns were filed electronically by IJR's accountant. IJR had previously submitted a Power of Attorney authorizing the accountant to act on IJR's behalf. California sales and use tax returns include the statement: "I declare that all the information I provided for this e-file return/report has been examined by me and to the best of my knowledge and belief is true, correct, and complete. If a liability exists, and regardless of the method of payment chosen, I understand that if CDTFA does not receive full payment of my liability, I remain liable for all applicable tax/fee, interest, and penalties." I am familiar with the Department's systems for filing sales and use tax returns electronically. Before someone files a return electronically, they must adopt the statement quoted in this paragraph.

7. Ms. Rubinas informed me soon after the tax returns were filed that IJR was unable to pay the tax liability. I responded by email by describing the Department's payment plan program, and Ms. Rubinas expressed interest in enrolling in a payment plan. We spoke on March 2, 2020, by telephone, and Ms. Rubinas stated that she would call me the next day to set up a payment plan. But Ms. Rubinas did not call the next day.

8. I called Ms. Rubinas again on July 27, 2020. She explained that the COVID-19 pandemic had seriously affected her business, and that she was in payment plans with several other states. We scheduled a call for August 4, 2020, to set her up with a username and password so she could apply for a payment plan. But when I called her at the scheduled time on August 4, 2020, she did not answer. I left a voice message reminding her that we had scheduled a call. She did not call me back.

9. On December 1, 2020, I left another voice message for Ms. Rubinas, in which I advised that if IJR did not pay its debt or enroll in a payment plan by December 4, 2020, the Department would proceed with further collection mechanisms. Ms. Rubinas did not respond.

10. I understand that Ms. Rubinas states in her January 7, 2020 declaration: "Ultimately, Ms. Hale and I lost touch during the pandemic." (Docket No. 6-2, ¶ 8.) That statement is not entirely accurate, as explained above.

11. The Department has taken affirmative steps to assist retailers during the pandemic. Virtually all collection activities were halted between April and August 2020. Since then, the Department has given specific retailers relief including extending tax return deadlines, stopping the accrual of interest, waiving penalties, and expanding payment plan options. Some of those options are described on the Department's website at https://www.cdtfa.ca.gov/services/covid19.htm. I have personally helped many retailers take advantage of these and other options over the past year. However, the Department cannot provide any of this assistance to retailers who do not engage with us.

12. On December 8, 2020, the Department issued a levy on a bank account owned by IJR. On December 11, 2020, the bank responded that the levy had captured $2,367.56. When the Department levies funds, it does not immediately apply them to the payer's account because the funds could be returned to the bank account. For example, the accountholder has the opportunity to request a hardship hearing or otherwise challenge the levy.

13. On December 18, 2020, the Department issued a notice to IJR that the funds had been levied. On December 28, 2020, my colleague Nicole Campbell emailed and left a voice

3

message for Ms. Rubinas, and she spoke with IJR's accountant. The email to Ms. Rubinas stated:

> I called and left you a voicemail regarding your sales and use tax account IJR CORP 241-928448. I can assist you with setting up a payment plan, offer in compromise, and relief of penalty. Once you set up the payment plan online, I can contact the bank and put a stop payment on the check where collection action was taken place. If all your sales are facilitated through a marketplace facilitator, we can also close out the account. Please contact me at your earliest convenience in resolving the outstanding liability on the account.

14. On December 30, 2020, IJR's accountant submitted a revocation of power of attorney. On December 31, 2020, Ms. Campbell left a voicemail for Ms. Rubinas advising that the Department had received the revocation of power of attorney and offering again to help IJR enroll in a payment plan. Ms. Rubinas never responded.

15. On January 7, 2021, the Department applied the levy payment to IJR's account. As of that date, IJR owes $7,880.94 in tax, penalties, and interest. The Department has no immediate plans to levy any further funds from any bank account owned by IJR.

I declare under penalty of perjury that the foregoing is true and correct.

Executed January 11, 2021, in Sacramento, California.

                                                          _____*see following pages*_____
                                                                  Shannon Hale

SA2021300080/34732021.docx

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ISABEL RUBINAS, and IJR CORP.,

                Plaintiffs,

v.

NICOLAS MADUROS, DIRECTOR,
CALIFORNIA DEPARTMENT OF TAX
& FEE ADMINISTRATION,

                Defendant.

Case No. 1:21-cv-00096

Hon. Edmond E. Chang

## DECLARATION OF SHANNON HALE

I, Shannon Hale, am competent to state, and declare the following based on my own personal knowledge:

1. I am a Business Taxes Representative with the California Department of Tax and Fee Administration (Department). I was hired by the California State Board of Equalization in December 2013. In 2017, the Department was created by the California Legislature, and my unit was transferred from the Board of Equalization to the Department. I am based in Sacramento, where I am part of the Department's Out-of-State Office.

2. In December 2018, the Department mailed a notice to IJR, Corp. stating that because IJR had inventory stored in Amazon warehouses in California for sale to California residents, IJR was required to register with the Department and file sales and use tax returns. The notice was returned to the Department by the United States Postal Service because the Department's address of record for IJR was incorrect. On February 14, 2019, the Department emailed a copy of the notice to IJR.

3. Isabel Rubinas operates IJR and is its president and sole corporate officer. She responded to the Department's email on February 20, 2019. She provided an updated address for IJR and inquired about the notice the Department had sent.

4. I was assigned to respond to Ms. Rubinas's inquiry. I emailed her on March 4, 2019, to provide some further information. Since then, my colleague Nicole Campbell and I have engaged in extensive correspondence with IJR, including at least 19 emails (7 from me or Nicole and 12 from Ms. Rubinas or IJR's accountant), 10 phone conversations, and 10 voicemails. During that time, the Department has also issued formal notices to IJR on at least 7 dates.

5. Over the course of our correspondence, I assisted Ms. Rubinas and IJR's accountant with registering with the Department and filing sales and use tax returns. IJR submitted returns in January 2020. The returns reflected a combined $7,251.00 in sales and use tax due to the Department: $2,621 for the 2017 tax year and $4,630 for the 2018 tax year.

6. IJR's tax returns were filed electronically by IJR's accountant. IJR had previously submitted a Power of Attorney authorizing the accountant to act on IJR's behalf. California sales and use tax returns include the statement: "I declare that all the information I provided for this e-file return/report has been examined by me and to the best of my knowledge and belief is true, correct, and complete. If a liability exists, and regardless of the method of payment chosen, I understand that if CDTFA does not receive full payment of my liability, I remain liable for all applicable tax/fee, interest, and penalties." I am familiar with the Department's systems for filing sales and use tax returns electronically. Before someone files a return electronically, they must adopt the statement quoted in this paragraph.

7. Ms. Rubinas informed me soon after the tax returns were filed that IJR was unable to pay the tax liability. I responded by email by describing the Department's payment plan program, and Ms. Rubinas expressed interest in enrolling in a payment plan. We spoke on March 2, 2020, by telephone, and Ms. Rubinas stated that she would call me the next day to set up a payment plan. But Ms. Rubinas did not call the next day.

8. I called Ms. Rubinas again on July 27, 2020. She explained that the

COVID-19 pandemic had seriously affected her business, and that she was in payment plans with several other states. We scheduled a call for August 4, 2020, to set her up with a username and password so she could apply for a payment plan. But when I called her at the scheduled time on August 4, 2020, she did not answer. I left a voice message reminding her that we had scheduled a call. She did not call me back.

9. On December 1, 2020, I left another voice message for Ms. Rubinas, in which I advised that if IJR did not pay its debt or enroll in a payment plan by December 4, 2020, the Department would proceed with further collection mechanisms. Ms. Rubinas did not respond.

10. I understand that Ms. Rubinas states in her January 7, 2020 declaration: "Ultimately, Ms. Hale and I lost touch during the pandemic." (Docket No. 6-2, ¶ 8.) That statement is not entirely accurate, as explained above.

11. The Department has taken affirmative steps to assist retailers during the pandemic. Virtually all collection activities were halted between April and August 2020. Since then, the Department has given specific retailers relief including extending tax return deadlines, stopping the accrual of interest, waiving penalties, and expanding payment plan options. Some of those options are described on the Department's website at https://www.cdtfa.ca.gov/services/covid19.htm. I have personally helped many retailers take advantage of these and other options over the past year. However, the Department cannot provide any of this assistance to retailers who do not engage with us.

12. On December 8, 2020, the Department issued a levy on a bank account owned by IJR. On December 11, 2020, the bank responded that the levy had captured $2,367.56. When the Department levies funds, it does not immediately apply them to the payer's account because the funds could be returned to the bank account. For example, the accountholder has the opportunity to request a hardship hearing or otherwise challenge the levy.

13. On December 18, 2020, the Department issued a notice to IJR that the funds had been levied. On December 28, 2020, my colleague Nicole Campbell emailed and left a voice message for Ms. Rubinas, and she spoke with IJR's accountant. The email to Ms. Rubinas stated:

> I called and left you a voicemail regarding your sales and use tax account IJR CORP 241-928448. I can assist you with setting up a payment plan, offer in compromise, and relief of penalty. Once you set up the payment plan online, I can contact the bank and put a stop payment on the check where collection action was taken place. If all your sales are facilitated through a marketplace facilitator, we can also close out the account. Please contact me at your earliest convenience in resolving the outstanding liability on the account.

14. On December 30, 2020, IJR's accountant submitted a revocation of power of attorney. On December 31, 2020, Ms. Campbell left a voicemail for Ms. Rubinas advising that the Department had received the revocation of power of attorney and offering again to help IJR enroll in a payment plan. Ms. Rubinas never responded.

15. On January 7, 2021, the Department applied the levy payment to IJR's account. As of that date, IJR owes $7,880.94 in tax, penalties, and interest. The Department has no immediate plans to levy any further funds from any bank account owned by IJR.

I declare under penalty of perjury that the foregoing is true and correct.
Executed January 11, 2021, in Sacramento, California.

*Shannon Hale*

Shannon Hale

SA2021300080/34725351.docx

1