IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

**ISABEL RUBINAS, and IJR CORP.,**

|  |  |  |
|---|---|---|
| | Plaintiffs, | Case No. 1:21-cv-00096 |
| | | Hon. Edmond E. Chang |
| **v.** | | |

**NICOLAS MADUROS, DIRECTOR,
CALIFORNIA DEPARTMENT OF
TAX & FEE ADMINISTRATION ,**

Defendant.

**DEFENDANT'S SUPPLEMENTAL BRIEF IN
OPPOSITION TO MOTION FOR A TEMPORARY
RESTRAINING ORDER AND PRELIMINARY
INJUNCTION**

During the January 12, 2021, telephonic hearing on plaintiffs' motion for a temporary restraining order and preliminary injunction, the Court requested additional information about California's tax procedures. Several of the procedures the Court inquired about are elements of the California Taxpayers' Bill of Rights, codified at California Revenue and Taxation Code sections 7080-7099.1.[1]

---

[1] All statutory citations are to the California Revenue and Taxation Code unless otherwise specified. In 2017, the California Department of Tax and Fee Administration (Department) took over the responsibility of administering the state's sales and use tax from the State Board of Equalization. § 15570.22, enacted by Cal. Stat. 2017, ch. 16, § 5 (A.B. 102). Many of the statutes cited herein refer to the "Board," but the Code specifies that references to the "Board" in California sales and use tax statutes are deemed to refer to the Department. § 15570.24.

**Releases of Levies**

The Taxpayers' Bill of Rights established the office of the Taxpayers' Rights Advocate. § 7083. The Taxpayers' Rights Advocate may order the release of any levy and the return of up to $2,300 upon a finding that a levy threatens the health or welfare of a taxpayer or their family. § 7094. The Department has also implemented procedures to permit Department staff to release a levy or return funds without involving the Taxpayers' Rights Advocate, if Department staff determine that a levy will create irreparable harm. Department's Compliance Policy and Procedures Manual, ch. 7, § 753.259, available at https://www.cdtfa.ca.gov/taxes-and-fees/manuals/cpm-07.pdf.

Levies may also be released if they are exempt from collection pursuant to federal or California law, or if a third party claims an interest in the property. Cal. Code Civ. Proc. §§ 688.030 and 703.010 et seq.

**Payment Plans**

Payment plans are authorized by § 6832, which allows the Department to "enter into a written installment payment agreement with a person for the payment of any taxes due." Each payment plan requires a specific analysis of the circumstances of the person or business that owes the tax, but Department staff advise that the following are examples of payment plans that might have been available to a retailer owing the amount of tax, penalties, and interest that plaintiff IJR, Corp. owed before its bank account was levied in December 2020.

- 18-month payment plan with payments of $449.75
- 24-month payment plan with payments of $340.43

The Department typically grants relief from penalties once the tax and interest is paid under a payment plan.

**Prepayment Challenges**

As discussed in defendant's opposition brief and during the hearing, this case presents an unusual circumstance because plaintiff IJR's tax returns admit the full amount of the liability that the Department assessed. Disputes typically come up where the Department "is not satisfied

2

with" a tax return and issues a deficiency determination, §§ 6481-6488, or no return is filed and the Department issues a determination based on an estimate of liability, §§ 6511-6515. Under either circumstance, the person ordered to pay the tax may petition for redetermination, without first paying the tax. §§ 6561-6566. Petitions for redetermination are heard by the Department's Appeals Bureau. Cal. Code Regs., tit. 18, §§ 35001-35067. The Department's decision on a petition for redetermination may be appealed to the Office of Tax Appeals, an independent agency dedicated solely to the adjudication of tax disputes. Cal. Gov. Code §§ 15670-15680; Cal. Code Regs., tit. 18, §§ 30000-30707.

Neither the Department nor the Office of Tax Appeals may declare a California statute unenforceable on the basis of it being unconstitutional or contrary to federal law, unless an appellate court has made such a determination. Cal. Const., art. III, § 3.5.

**Offer in Compromise / Settlement**

During a prepayment challenge, the tax liability may be reduced via settlement. § 7093.5. Once there is a final tax liability (including situations, like this one, where the tax liability is never the subject of a prepayment challenge), the Department's Offer in Compromise program allows a tax liability to be satisfied by the payment of a lesser amount. § 7093.6.

The Department may also relieve all or any part of the interest or penalties that are owed. §§ 6592, 6593.5; Cal. Code Regs., tit. 18, §§ 1703(c)(8).

**Administrative and Judicial Refund Proceedings**

At any time, anyone required to file California sales and use tax returns may pay the tax and file an administrative claim for refund. §§ 6901-6909. The refund claim must "be in writing" and "state the specific grounds upon which the claim is founded." § 6904.

A refund suit in a California superior court may be filed as soon as the Department denies a claim for refund, or six months after the claim was filed if the Department has not acted on the claim. §§ 6931-6937. A refund suit is the only manner to take a tax issue to court; prepayment injunctive or declaratory relief is not permitted. § 6931; Cal. Const., art. XIII, § 32. In a refund suit, a California superior court can review and resolve any allegation that the Department's

3

procedures were erroneous, contrary to federal law, or unconstitutional. *Jerron West, Inc. v. State of Cal. State Bd. of Equalization*, 129 F.3d 1334, 1339-1340 (9th Cir. 1997).


Dated:  January 13, 2021                    Respectfully submitted,

                                            XAVIER BECERRA
                                            Attorney General of California
                                            MOLLY K. MOSLEY
                                            Supervising Deputy Attorney General


                                            */s/ Michael Sapoznikow*
                                            MICHAEL SAPOZNIKOW
                                            GINA TOMASELLI
                                            Deputy Attorneys General
                                            *Attorneys for Defendant Nicolas Maduros,*
                                            *Director, California Department of Tax and*
                                            *Fee Administration*


SA2021300080/34736116.docx

4